UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELVIN SUAZO CLARK** | * | **CIVIL ACTION NO:** |
| | * | |
| **VERSUS** | * | **SECTION " "** |
| | * | |
| **CYPRESS GARDENING SERVICES, LLC** | * | **MAG** |
| **AND SCOTT D. INGRAM** | * | |
| | * | **JURY TRIAL DEMANDED** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

### PRELIMINARY STATEMENT

Plaintiff, Elvin Suazo Clark, brings this action against Defendants, Cypress Gardening Services, LLC and Scott D. Ingram, for violating §§ 7 and 15(a)(2) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.,* and the Louisiana Wage Payment Act (LWPA), R.S. 23631, *et seq.*, which violations occurred while Plaintiff was working for Defendants, Cypress Gardening Services, LLC and Scott D. Ingram.

### I. JURISDICTION

1. This Honorable Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, the Court's Federal Question Jurisdiction, and 29 U.S.C. § 201, *et seq.,* the Fair Labor Standards Act (FLSA), and the Court's Supplemental Jurisdiction, 28 U.S.C. Section 1367.

### II. VENUE

2. The unlawful actions about which Plaintiff, Clark, complains herein occurred within the Eastern District of Louisiana, and as a result, this Honorable Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

3. At all times relevant hereto, Plaintiff, Elvin Suazo Clark (Clark), was a person of the full age of majority and a resident of the Eastern District of Louisiana from about 2007 until the present.

4. At all times relevant hereto, Defendant, Cypress Gardening Services, LLC (Cypress), was a Louisiana Corporation which was domiciled in the Eastern District of Louisiana.

5. At all times relevant hereto, Defendant, Scott D. Ingram (Ingram), was a resident of and domiciled in the Eastern District of Louisiana.

## IV. STATEMENT OF THE FACTS

6. At all times relevant hereto, Plaintiff, Clark, worked as a Laborer/Gardner for Defendants, Cypress and Ingram.

7. At all times relevant hereto, Defendant, Cypress, was an enterprises within the meaning of § 3 (r) of the FLSA, 29 U.S.C. § 203 (r) in that Defendant was, through a unified operation or common control, engaged in the performance of related activities for a common business purpose.

8. At all times relevant hereto, Defendant, Cypress, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of §3(S)(1)(A) of the FLSA, 29 U.S.C. § 203(S)(1)(A), in that Defendant had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that moved in or were produced for commerce by any person, and

Defendant, Cypress, had an annual gross volume of sales made or business done of not less than $500,000.00.

9. At all times relevant hereto, Defendant, Cypress, employed Plaintiff to perform gardening and other laboring functions for said Defendant.

10. At all times relevant hereto, Plaintiff, Clark, herein performed laboring and gardening services under the direction and control of Defendants, Cypress and Ingram, both of whom exercised supervisory authority over the Plaintiff and both of whom had the authority to terminate the Plaintiff's employment.

11. At all times relevant hereto, Defendants, Cypress and Ingram, directed Plaintiff's work on a daily basis which included giving Plaintiff his work assignments, setting Plaintiff's hours of work, determining Plaintiff's rate(s) of pay, and having the authority to terminate the Plaintiff's employment.

12. At all times relevant hereto, Defendants, Cypress and Ingram, provided Plaintiff the equipment he used in performing his job duties.

13. At all times relevant hereto, Defendant, Ingram, was a member, officer, principal, and manager of Defendant, Cypress, and actively managed, supervised, and directed the business affairs and operations of Defendant, Cypress.

14. Additionally, at all times relevant hereto, Defendant, Ingram, acted directly and indirectly in the interest of Defendant, Cypress, in relation to the Plaintiff, including but not limited to determining the rate of pay and hours worked by the Plaintiff, and, as a result, both

Defendants, Cypress and Ingram, were employers of the Plaintiff for purposes of the Fair Labor Standards Act (FLSA).

### V. <u>COUNT ONE - FLSA</u>

15. Plaintiff reiterate all the allegations in Paragraphs 1 - 14 herein.

16. At all times relevant hereto, Plaintiff, Clark, routinely worked in excess of forty (40) hours a week.

17. During the period from about August of 2015 through approximately August 28, 2016, Defendants, Cypress and Ingram, knowingly and willfully violated the provisions of §§ 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§207 and 215(a)(2), by employing the Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating Plaintiff for the hours he worked in excess of forty (40) hours per week at rates not less than one and one-half times his regular rate of pay.

18. As a result of the violations of the FLSA about which Plaintiff complains herein, overtime compensation has been unlawfully withheld from Plaintiff, Clark, by the Defendants, Cypress and Ingram.

19. Defendants' failure to pay the Plaintiff, Clark, at an hourly rate equal to one-and-a-half times his regular hourly rate for all time he worked in excess of forty (40) hours in any work week constituted a knowing and willful violation of the FLSA.

20. As a result of Defendants' willful violation of the FLSA, Plaintiff, Clark, is entitled to recover from Defendants, Cypress and Ingram, the amount of his unpaid overtime compensation, an additional equal amount as liquidated damages as provided by the FLSA,

pre and post-judgment interest, attorneys' fees, litigation expenses and Court costs and such other equitable relief as the Court deems just and proper.

21. Pursuant to 29 U.S.C. § 216(b), Plaintiff, Clark, has consented in writing to be party Plaintiff in this FLSA action. The written consent of the Plaintiff herein is attached to this Complaint.

## COUNT TWO - LWPA

22. Plaintiff reiterate all the allegations in Paragraphs 1 - 21 herein.

23. At the time Plaintiff's employment with Defendant, Cypress, terminated, Defendant, Cypress, arbitrarily and in bad faith refused to pay Plaintiff for his earned and unused vacation time.

24. In refusing to pay Plaintiff for his earned and unused vacation time when his employment ended, Defendant, Cypress, intentionally violated the provisions of the Louisiana Wage Payment Act, LWPA, R.S. 23:631 et seq.

25. Additionally, as a result of Defendant's arbitrary and bad faith refusal to pay Plaintiff for his earned and unused vacation time when Plaintiff's employment ended, Defendant, Cypress, is legally liable to the Plaintiff for wages for his earned and unused vacation time, plus 90 days statutory penalty wages, reasonable attorneys' fees, and his costs herein.

26. **PLAINTIFF DEMAND A JURY TRIAL HEREIN ON ALL ISSUES.**

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Elvin Suazo Clark, prays that this Honorable Court enter a judgment herein in Plaintiff's favor and against Defendants, Cypress Gardening Services, LLC and Scott D. Ingram, *in solido,*, for the following relief:

1. A Judgment declaring that Defendants, Cypress Gardening Services, LLC and Scott D. Ingram, willfully violated the overtime provisions of the FLSA as alleged herein by Plaintiff, Elvin Suazo Clark;

2. A Judgment in favor of Plaintiff, Elvin Suazo Clark, and against Defendants, Cypress Gardening Services, LLC and Scott D. Ingram, on Plaintiff's overtime claim under the FLSA, and awarding Plaintiff, Elvin Suazo Clark, his unpaid overtime wages and an equal amount in liquidated damages;

3. A Judgment awarding Plaintiff, Elvin Suazo Clark, wages for his earned and unused vacation time against Defendant, Cypress Gardening Services;

4. A Judgment awarding Plaintiff, Elvin Suazo Clark, 90 days statutory penalty wages against Defendant, Cypress Gardening Services;

5. A Judgment awarding Plaintiff, Elvin Suazo Clark, reasonable attorneys' fees against Defendants, Cypress Gardening Services, LLC and Scott D. Ingram;

6. A Judgment awarding Plaintiff, Elvin Suazo Clark, his costs in this action against Defendants, Cypress Gardening Services, LLC and Scott D. Ingram; and

7. A Judgment awarding Plaintiff, Elvin Suazo Clark, further relief as the Court deems necessary, just and appropriate.

Respectfully submitted,

LEEFE, GIBBS, SULLIVAN & DUPRÉ, LLC

/s/ Michael R. Gelder
MICHAEL R. GELDER, La. Bar No. 30210
3900 North Causeway Blvd.
One Lakeway Center, Suite 1470
Metairie, LA 70002
Telephone: (504) 830-3939
Facsimile: (504) 830-3998


/s/ Clement P. Donelon
CLEMENT P. DONELON, (LA. BAR #4996)
3900 N. Causeway Blvd., Suite 1470
One Lakeway Center
Metairie, Louisiana 70002
Telephone: (504) 887-0077
Facsimile: (504) 887-0078
Cpdlaw@aol.com
Clem1@cpdlaw.net
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ELVIN SUAZO CLARK | * | CIVIL ACTION NO: |
| --- | --- | --- |
| | * | |
| | * | SECTION " " |
| VERSUS | * | |
| | * | MAG |
| CYPRESS GARDENING SERVICES, LLC | * | |
| AND SCOTT D. INGRAM | * | |
| | * | JURY TRIAL DEMANDED |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## VERIFICATION

I have read the foregoing complaint in the above-styled matter, and the allegations that I have made therein are true and correct to the best of my knowledge, information and belief.

_____  5/3/17
ELVIN SUAZO CLARK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELVIN SUAZO CLARK | * | CIVIL ACTION NO: |
| | * | |
| | * | SECTION " " |
| VERSUS | * | |
| | * | MAG |
| CYPRESS GARDENING SERVICES, LLC | * | |
| AND SCOTT D. INGRAM | * | |
| | * | JURY TRIAL DEMANDED |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PARTY PLAINTIFF CONSENT**

Pursuant to 29 U.S.C. § 216(b), I have read the Complaint herein and I hereby give my willful consent to be a party plaintiff in the above-styled action.

Signed this ___3___ day of May, 2017, Metairie, Louisiana.

_____
Elvin Suazo Clark